# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| PETER STAUFFER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Cause No.:<br>)<br>) Federal Employers' Liability Act |
| DAKOTA, MINNESOTA, & EASTERN RAILROAD CORPORATION d/b/a CANADIAN PACIFIC KANSAS CITY, | ) (FELA)<br>)<br>) **TRIAL BY JURY REQUESTED** |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW Plaintiff Peter Stauffer, and for his cause of action against Defendant Dakota, Minnesota, & Eastern Railroad Corporation d/b/a Canadian Pacific Kansas City, states as follows:

1. This action arises under the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§51-60, for injuries sustained by Plaintiff, on or about July 16, 2024, in Muscatine, Iowa (Muscatine County), during the course of his employment with Defendant.

2. At all times mentioned herein, Defendant has been a railroad corporation duly organized and existing under the laws of Iowa and is engaged in interstate commerce hauling freight by rail in various states, including within this judicial district.

3. At all times mentioned herein, Plaintiff was employed by Defendant as a locomotive engineer and was working in the furtherance of Defendant's interstate commerce, or directly and substantially affected said commerce, at the time he sustained his injuries.

4. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 45 U.S.C. §56, which gives this Court original jurisdiction over Plaintiff's FELA claim.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1)-(2) and (d) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

6.      On or about July 16, 2024, Plaintiff's train crew was assigned to pick up railcars located on multiple spur tracks within the SSAB steel plant in Muscatine, Iowa.

7.      As the train crew's locomotive engineer, Plaintiff was required to operate the locomotives furnished by Defendant to complete this work assignment.

8.      After backing the locomotives into the first spur track and coupling with the railcars located there, Plaintiff pulled the train forward to clear the rail switch inside SSAB's facility so that the track could be lined toward a second spur track where additional railcars awaited pickup.

9.      As Plaintiff pulled the train forward to complete this maneuver, the nose of the train started down the steep hill that leads in/out of SSAB's facility; as he attempted to engage the train's braking system, it was unresponsive and failed to slow or stop the train, so it continued to roll forward and gain speed as it moved toward a dispatcher-controlled switch/derail device at the bottom of the hill, before SSAB's sidetrack intersected with Defendant's main line.

10.     As the runaway train rolled downhill, Plaintiff initiated an emergency communication to Defendant's dispatcher, asking them to activate the switch/derail device at the bottom of the hill so that the train would be either safely diverted onto a bumper track at the bottom of the hill or allowed onto Defendant's main line without hitting the derail device; the dispatcher responded that they were unable to do so.

11.     Plaintiff could either stay on the locomotive as it sped over the derail device, with diesel fuel and loaded steel cars in tow, or disembark from the moving train.

12.     The train derailed at the bottom of the hill:



13.     Plaintiff disembarked from the train before the derailment, sustaining substantial physical injuries in the process, including a compound fracture of the right leg; facture of the left knee cap; compound fracture/dislocation of the right arm/wrist; and multiple abrasions/lacerations.

14.     Following Plaintiff's injury incident, Defendant's conductor—the other member of Plaintiff's train crew—admitted that he had failed to properly "cut in" air to pressurize the railcars' air brakes after pickup, as required, which upon information and belief is one of the reasons why the train's braking system was inoperable and/or failed during the incident.

15.     Plaintiff's injuries were caused, in whole or in part, by the following negligent acts/omissions of Defendant and/or its employees, servants, or agents, for whom it is vicariously liable, singularly or in combination:

a. Defendant failed to provide reasonably safe working conditions and/or a reasonable safe place to work;

b. Defendant failed to provide reasonably safe equipment;

c. Defendant failed to inspect and maintain its rail equipment to keep it reasonably free from hazards known or which should have been known to exist;

d. Defendant improperly assigned Plaintiff to work in an unsafe workplace and/or with unsafe equipment;

e. Defendant failed to provide reasonably safe methods for work;

f. Defendant failed to provide adequate instruction, training, and supervision;

g. Defendant failed to provide adequate assistance for work;

h. Defendant's conductor failed to ensure that air was "cut in" to the railcars in the train, as required for the train's braking system to operate properly;

i. Defendant's dispatcher failed to adequately respond to the emergency by activating the switch or derail device at the bottom of the hill to avoid the derailment;

j. Defendant used or permitted the use of rail equipment that did not receive a proper brake test, in violation of 49 C.F.R. §232.205 and/or 49 C.F.R. §232.209, constituting negligence per se;

k. Defendant used or permitted the use of rail equipment without a safe/suitable braking system, in that the train's braking system was not in effective operating condition and/or was not capable of stopping the train, in violation of 49 C.F.R. §232.103 and constituting negligence per se; and

l. Defendant used or permitted the use of rail equipment without a safe/suitable braking system, in that the locomotive's braking system was not in effective operating condition

and/or was not capable of stopping the train, in violation of 49 C.F.R. §232.105 and constituting negligence per se.

16.  As a result of one or more of the foregoing negligent acts and/or omissions, Plaintiff has sustained disabling injuries, including a compound fracture of the right leg, facture of the left knee cap, compound fracture/dislocation of the right arm/wrist, and multiple abrasions/lacerations; he has undergone extensive medical treatment and multiple surgeries, including fusion of his right wrist, and will continue to require additional medical treatment and/or surgeries in the future; he has sustained scarring and disfigurement; he has experienced and will continue to experience physical pain and emotional distress, including depression, anxiety, and a diagnosis of post-traumatic stress disorder; he has undergone treatment with mental health providers; he has incurred and will continue to incur expenses in connection with medical and mental health treatment; he has lost and will continue to lose wages, benefits, and earning capacity; and he has sustained an impairment to his ability to perform household activities and other activities of daily living, function, and pleasure; all to his damage.

WHEREFORE, Plaintiff Peter Stauffer seeks a judgment and damages against Defendant Dakota, Minnesota, & Eastern Railroad Corporation d/b/a Canadian Pacific Kansas City in a sum in excess of $75,000, which will adequately and reasonably compensate Plaintiff for the damages sustained, costs in bringing the action, and for post-judgment interest at the statutory rate, and such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ James H. Cook*
James H. Cook, AT0001622
JSC LEGAL
1205 Technology Parkway
Cedar Falls, IA 50613
(319) 260-4471
(319) 260-4499 (fax)

jcook@JSCLegal.com

and

Charles W. Armbruster III, *pro hac vice forthcoming*
Jonathan S. Jones, *pro hac vice forthcoming*
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115
(314) 621-7151 (fax)
carmbruster@uselaws.com
jjones@uselaws.com
*Attorneys for Plaintiff*